# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-128

CAJUN AC AND HEATING, LLC

VERSUS

MIRUS LAKE CHARLES, LLC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2023-1964
HONORABLE RONALD F. WARE, DISTRICT JUDGE PRO TEMPORE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Van H. Kyzar, Judges.

**EXCEPTION OF NO CAUSE OF ACTION DENIED.
JUDGMENT VACATED.  CASE REMANDED.**

**Richard J. Tyler**
**Graham H. Ryan**
**Jones Walker LLP**
**201 St. Charles Avenue, 49th Floor**
**New Orleans, LA 70170-5100**
**(504) 589-8370**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Mirus Lake Charles, LLC**

**Cody J. Vidrine**
**Billy E. Loftin, Jr.**
**Loftin Law Group, LLC**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, LA 70601**
**(337) 310-4300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Cajun AC and Heating, LLC**

**GREMILLION, Judge.**

Defendant, Mirus Lake Charles, LLC, appeals the default judgment obtained against it by plaintiff, Cajun AC and Heating, LLC. Mirus also filed an exception of no cause of action before this court. For the reasons that follow, we deny the exception of no cause of action and reverse the default judgment

## FACTS AND PROCEDURAL POSTURE

On May 24, 2023, Cajun filed suit against Mirus and J4 Development, Inc., asserting that Mirus owns the Fairview Apartments in Lake Charles, Louisiana. J4 was allegedly hired by Mirus to rehabilitate the apartments after they were damaged in Hurricanes Laura and Delta in 2020. J4, in turn, allegedly hired Cajun to perform the HVAC work in June 2022. Cajun alleged that it was owed $171,849.00, plus attorney fees, for the work, which was completed in October 2022. Annexed to Cajun's petition was the affidavit of Nicholas LaRocca, duly authorized agent for Cajun, who attested that the allegations in the petition were true and correct. A page from J4's website was annexed, as was the contract between J4 and Cajun. Lastly, Cajun annexed the letter from its attorney to J4 and Mirus regarding its demand for $171,849.00 and indicating that the Statement of Lien and Privilege was being filed with the Calcasieu Parish Clerk of Court on January 5, 2023.

Mirus was served with Cajun's petition and citation on July 5, 2023. On September 29, 2023, Cajun's attorney filed an "Attorney Certification Pursuant to La. C.C.P. Art. 1702.1," which outlined service and citation on Mirus and service of its written demand on September 15, 2023. On September 29, 2023, the district court minutes reflect that the case was called for confirmation of default. No appearances were made, but evidence was received by the trial court. Judgment against Mirus was entered in the amount of $171,849.00, plus $4,000.00 in attorney fees and all costs of court on that date.

On November 29, 2023, Mirus filed a motion for devolutive appeal. In its appeal, Mirus asserts two assignments of error:

> The District Court erred as a matter of law by entering the Default Judgment in favor of Cajun against Mirus despite Cajun's failure to establish any prima facie case against Mirus;

and,

> The District Court erred as a matter of law by entering the Default Judgment against Mirus without a hearing in open court.

In addition, Mirus filed an exception of no cause of action with this court in which it asserts that Cajun's petition fails to state a valid claim against it because the petition only alleges the contractual breach by J4 and not Mirus. Cajun did not answer the appeal, but in its brief, it urges that Mirus's appeal be dismissed because Mirus failed to pay advance costs of appeal.

## ANALYSIS

### *Payment of Appeal Costs*

Mirus's motion for devolutive appeal was filed on November 29, 2023, yet Mirus failed to pay the costs associated with the appeal until January 4, 2024. Thus, Cajun argues, this court lacks jurisdiction to hear the appeal. Louisiana Code of Civil Procedure Article 2126 governs the payment of costs associated with an appeal. It provides:

> A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
>
> B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

2

C. The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.

D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.

E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:

(1) Enter a formal order of dismissal on the grounds of abandonment; or

(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

Enforcement of the obligation to pay the estimated costs as determined by the trial court clerk is vested in the trial court. La.Code Civ.P. art. 2088(A)(9). Under La.Code Civ.P. art. 2126(E), if an appellant fails to pay the estimated costs, either a party or the clerk or the trial judge may move to dismiss the appeal. A hearing is required. *Id.* After motion and hearing, the trial judge shall dismiss the appeal or grant a ten day period within which the costs must be paid. *Id.* No such motion was filed in this matter.

Accordingly, we reject Cajun's contention that the appeal should be dismissed or that this court lacks jurisdiction in the case.

3

> As used in the context of a peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert an action against the defendant. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the pleadings and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor.

*Crooks v. Dep't of Natural Res.*, 19-160, p. 16 (La. 1/29/20), 340 So.3d 574, 584—85, *opinion corrected on reh'g* (4/9/20)(citations omitted). Pursuant to La.Code Civ.P. art 927(B), an exception of no cause of action may be raised by the court of appeal sua sponte, and La.Code Civ.P. art. 2163 allows a party to raise a peremptory exception for the first time on appeal.

The petition alleges that Mirus owned the Fairview Apartments. The Private Works Act gives a subcontractor a claim against the owner for work under its contract. La.R.S. 9:4802(A)(1). This claim is in addition to those afforded by other provisions of law and is not subject to pleas of discussion or division. La.R.S. 9:4802(D) & (E).

"A subcontractor is one who, by contract made directly with a contractor, or by a contract that is one of a series of contracts emanating from a contractor, is bound to perform all or a part of a work contracted for by the contractor." La.R.S. 9:4807(C). "A contractor is one who contracts with an owner to perform all or a part of a work." La.R.S. 9:4807(A). Under the well-pleaded allegations of Cajun's petition, Mirus as the owner of the Fairview Apartments, contracted with J4, who in turn contracted with Cajun for HVAC work on the apartments. J4 has not paid Cajun

4

for the work. Mirus is potentially liable to Cajun for J4's failure to pay its subcontractors; thus, Cajun's petition states a valid cause of action.

Mirus's exception of no cause of action is denied.

*Mirus's Assignment of Error 1*:

A prima facie case is presented when the plaintiff offers sufficient evidence to convince the court that it would probably prevail at trial on the merits. *Cook v. Lakeside Ford*, 22-213 (La.App. 3 Cir. 12/21/22), 353 So.3d 1073. On appeal, the review of a default judgment is limited to the sufficiency of the evidence offered. *Id*.

Mirus argues that for Cajun's claim to be preserved, it must have filed its Statement of Claim and Privilege pursuant to La.R.S. 9:4822, a provision of the Private Works Act, La.R.S. 9:4801—4858, which requires that a person granted a privilege must file a statement of the claim within a certain time. In support thereof, Mirus cites *Landco Constr., LLC v. Precision Constr. and Maint., LLC*, 17-1060 (La.App. 1 Cir. 2/21/18)(unpublished opinion). The court in *Landco* held that the plaintiff, a subcontractor, failed to allege facts sufficient to demonstrate that it timely filed a statement of claims and privileges pursuant to La.R.S. 9:4822. This fact was fatal to its petition because 1) the plaintiff bears the burden of proving the timely filing of the statement of claims and privileges and 2) failure to timely file such a statement results in extinguishment of the claim. The first circuit held:

> Herein, while Landco's petition alleged that Kirshman was the owner of the project, that Kirshman contracted with Mapp, that Mapp contracted with Precision, that Precision contracted with Landco, and that Landco provided materials and labor to Mapp or Kirshman for the project for which it has not been paid, Landco did not allege facts that would support a finding that Landco timely filed a statement of claims or privilege pursuant to La. R.S. 9:4822 to preserve its claim or privilege under La. R.S. 9:4802.

*Id*. at 9.

*Landco* is distinguished from the present matter by the very fact that Cajun did plead the filing of its Statement of Lien and Privilege. Cajun did attach the correspondence from its counsel indicating the filing of the Statement of Lien and Privilege on January 5, 2023.

Rather, we find that Cajun's proof fails based upon the contract attached to its petition and Mr. LaRocca's petition. The contract outlines the scope of the work for which J4 hired Cajun and specifies that Cajun would install sixteen condensers at $2,300.00 per unit and five air handlers for $1,850.00 each. Neither the contract, the petition, nor Mr. LaRocca's affidavit explain how a contract that specified a cost of $46,050.00 morphed into a default judgment of $171,849.00. Proof of Cajun's damages is lacking.

We pretermit consideration of Mirus's second assignment of error on the basis of mootness.

Accordingly, we reverse the default judgment entered in favor of Cajun AC and Heating, LLC, and against Mirus Lake Charles, LLC. Costs of this appeal are taxed equally between the parties.

**EXCEPTION OF NO CAUSE OF ACTION DENIED.
JUDGMENT VACATED. CASE REMANDED.**

6